IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. 1:15-CR-2220 WJ-1

RODERICK TALK,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

THIS MATTER IS BEFORE THE COURT on Defendant Roderick Talk's Motion for Compassionate Release (**Doc. 41**). The Court, having reviewed the briefing[1] and considered the applicable law, finds that the Motion is not well-taken and is therefore **DENIED**.

## BACKGROUND

In 2016, Defendant pleaded guilty to voluntary manslaughter and assault with a dangerous weapon in Indian Country and was sentenced to 80 months imprisonment. (Doc. 36.) Defendant, who is a paraplegic and requires the use of wheelchair, is currently incarcerated at Federal Correctional Institution Terminal Island. Additionally, he has tested positive for coronavirus. Defendant cites his medical conditions and the ongoing COVID-19 pandemic as grounds for his compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[2] The Government opposes Defendant's requested relief.

---

[1] The briefing on this matter consists of Defendant's Motion and the Government's Response. (Docs. 41, 42.) Defendant did not file a Reply, and his time for doing so has lapsed. *See* D.N.M.LR-Crim. 47.8.

[2] Defendant makes a passing reference in his Motion to United States Constitutional Amendments V and VIII. (Doc. 41 at 1.) However, because Defendant's counsel did not develop any argument on those grounds, the Court did not consider them in its analysis.

## DISCUSSION

"Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). To justify the type compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.*

That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement).[3] To effectively exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61, and appeal a denial pursuant to § 571.63. *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated with no action by the warden, a district court is empowered to consider the prisoner's § 3582(c)(1)(A) motion.[4]

---

[3] As noted by the Government in its Response, (Doc. 42 at 3), Courts appear split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule. *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases). The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such. Many other courts in this Circuit have concluded likewise. *See, e.g., United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020). However, even assuming the requirement is a claims-processing rule, the Court would nonetheless deny Defendant's motion for failure to exhaust, because courts are obligated to enforce such rules when raised by the Government, as is the case here. *Read-Forbes*, 2020 WL 188856, at *4 (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)).

[4] Again, there is a split between district courts on whether the 30-day language in § 3582(c)(1)(A) is meant to serve as an either/or with respect to exhaustion of administrative remedies. That is, some courts have concluded that as long as 30 days have lapsed since the warden's receipt of the request, a defendant may file a motion with the court, regardless of whether he has appealed the warden's timely decision. *See United States v. Whalen*, No. 1:11-CR-

Here, Defendant avers that he has exhausted his administrative remedies. (Doc. 41, ¶ 3.) He relies on two requests he submitted to his institution's warden, and the respective responses to those requests, in support of his Motion. But the plain language of § 3582(c)(A)(1) requires that a defendant exhaust his administrative remedies before seeking relief in the district court. There is no evidence before the Court that Defendant ever exercised his administrative rights to appeal. *See* § 3582(c)(1)(A); 28 C.F.R. § 571.63 (explaining that how an inmate may appeal a warden's denial and that only denial by the General Counsel or the Director of the Bureau of Prisons constitutes a final administrative decision). As the Tenth Circuit explained in a very recent unpublished opinion, the filing of a request with a warden only "initiate[s]" the administrative remedies process. *See United States v. Springer*, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020). Thus, while Defendant's exhibits may show that he *initiated* his administrative remedies, he has not shown that he *exhausted* those remedies.

Because it appears that the warden timely denied Defendant's request within the 30 days allowed by § 3582(c)(1)(A), Defendant cannot file for relief directly with this Court. *See, e.g., United States v. Blevins*, 2020 WL 3260098, *3 (S.D. Miss. June 16, 2020) ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute.") (citation omitted)). Rather, having received a denial from the warden, Defendant must appeal the warden's decision through the BOP administrative remedy process in order to fully exhaust. *See, e.g., id., United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *4 (M.D. Pa. June 23, 2020); *United*

---

00033-JAW, 2020 WL 3802714, at *5, n. 2 (D. Me. July 7, 2020) (analyzing this split and comparing district court cases). However, in the absence of controlling authority from the Tenth Circuit, this Court joins "those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court." *See United States v. Rembert*, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423, at *2–3 (D. Me. June 19, 2020).

*States v. Smith*, No. 4:15-CR-19, 2020 WL 2063417, at *2 (N.D. Ohio Apr. 29, 2020); *United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *1–2 (E.D. Ky. Mar. 27, 2020).

Additionally, this Court has no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement. *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (*quoting* Ross v. Blake, 136 S. Ct. 1850, 1857 (2016))); *Read-Forbes*, 2020 WL 1888856, at *4 (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)). Because Defendant has not shown that he has exhausted his administrative remedies, the Court is precluded from granting his request for release. Accordingly, the Court does not reach the merits of Defendant's compassionate release request.

## CONCLUSION

The Court is not unsympathetic to Defendant's health problems, nor is it ignorant of the impacts of the COVID-19 pandemic on the prison population. However, for all the foregoing reasons, Defendant's Motion for Compassionate Release (**Doc. 41**) is DENIED.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE